LIPMAN v. PERRY

(123 S. E., 772)

1. APPEAL AND ERROR—DEFENDANT HELD ENTITLED TO APPEAL FROM ORDER OF DISPOSSESSION NOT BASED ON PLEADINGS; NOTHING IN JUDGMENT CALLING FOR ACTION.—Defendant held entitled to appeal from order putting plaintiff in possession of larger tract of land than litigated by pleadings; there being nothing in judgment calling for action.

2. COURTS—ONE CIRCUIT JUDGE CANNOT SET ASIDE ORDER OF ANOTHER CIRCUIT JUDGE.—One Circuit Judge cannot set aside an order of another Circuit Judge; the remedy being by appeal.

Before JOHNSON, J., JASPER, December, 1923. Order first mentioned reversed.

Action of tresspass to try title by S. Lipman against C. E. Perry. From an order requiring the Sheriff to put plaintiff in possession of certain lands and from an order refusing defendants' petition, defendant appeals.

The order of Circuit Judge J. Henry Johnson follows:

This was an application by defendant, by petition and affidavit in this cause, to restrain and enjoin the plaintiff, his agents, attorneys, and servants, from dispossessing the defendant of the portion of lands designated as the southern end of that embraced in red lines in a map made for use in the trial of this action, by G. T. Ford, C. E., mentioned and referred to in the petition and application.

The matter was heard by me upon the return to the rule to show cause, after due notice, upon the petition and affidavit offered by the defendant, and upon the records brought by the Clerk of the Court of Jasper County, as contained in the judgment rolls in this case, and in the case of C. E. Perry against F. H. Eady and Dolly Grant. The facts as disclosed before me satisfy me that the equities of the case are with the defendant, petitioner, and appeal to my sense of justice most strongly in favor of granting the relief sought.

I am satisfied that the order made in this cause on November 21, 1923, directing the Sheriff of Jasper County to place the plaintiff in possession of the lands therein described, as containing 100 acres, and embracing all the land within the red lines on the Ford map in this case, will give to the plaintiff approximately 50 acres of land to which he is not morally or equitably entitled, land which was not in dispute, and in issue on the trial of this cause, and land which the plaintiff himself had heretofore conveyed away

years ago, and which has been adjudicated to be the land of the defendant in another action between defendant and the grantees of the plaintiff. And such order is in its practical effect a misuse and abuse of the verdict and judgment in this case, which was predicated upon and limited by the pleadings and issues tried thereon.

The record in the judgment roll in the case of *C. E. Perry v. F. H. Eady and Dolly Grant,* which case was tried and a verdict rendered in favor of the plaintiff in 1914, shows that there was in controversy in that action 49.5 acres of land, and the affidavit of counsel for defendant in this case, counsel for plaintiff in that case, shows that the defendants in that case derived their title by conveyance from S. Lipman, and this is not disputed in the return or showing before me. An examination of the map on file in that case and the comparison of it with the Ford map in this case, shows to a moral certainty that the lands embraced in that case, and which was, by the verdict in that case, found to be the land of the defendant Perry, is identical with the southern portion of the lands within the red lines in the Ford map.

An examination of the record in the present case, shows:

(a) The complaint in its first paragraph, claims ownership in fee and right to possession of "all that tract of land situated in Jasper County (formerly Hampton County) containing 382 acres, more or less, bounded north by lands of C. E. Perry and of Mrs. Sarah Dean; east by lands of C. E. Perry; south by lands of Frank Eady and lands of Dollie Grant (née Eady), formerly a part of the same tract; and west by lands of Eady and of C. E. Perry." This description can only be reconciled as to its boundary by locating the lands therein as lying north of those conveyed to Frank Eady and Dolly Grant and which were in issue in the first action above mentioned.

(b) But the second allegation of this complaint reads: "That the plaintiff is in possession of the said tract of land, with the exception of about 50 acres, more or less, along

the eastern boundary thereof, which is in possession of the defendant. That the defendant is in possession of the said piece of land, claiming the same to be a part of a larger tract of land which he claims belongs to him, adjoining the lands of the plaintiff on the east."

(c) An examination of the charge of Judge De Vore on the trial of this cause in March, 1921, shows that at least six times he referred to the land in dispute as containing "about fifty acres." At one place he states: "Whose title covers that fifty acres of land in dispute here? It is covered by the plaintiff's claim and chain of title, or is it covered by the defendant's claim and chain of title? * * * Now, suppose you were to conclude from the evidence in this case that the 50 acres is included in the plaintiff's claim and chain of title. If that be so, the plaintiff would be entitled to recover at your hands."

(d) The affidavit of counsel for defendant, which is not disputed on this point, stated that when this case was tried in March, 1921, it was agreed in open Court between Messrs. DePass and DePass, attorneys representing the plaintiff at that time, and attorneys representing the defendant herein, "that the southern boundary of the line in dispute was the lands as recovered by the said C. E. Perry in a suit against Frank Eady *et al.,* which was a case tried in the Court of Common Pleas for Jasper County about the year 1914."

From the foregoing matters, which are not and cannot be seriously controverted, it is certain to my mind that the issues made by the pleadings in this case and the issues tried by Judge DeVore and a jury, were as to the title to approximately 50 acres of land, the northern portion of that embraced within the red lines of the Ford map, and that it was not intended by any one who participated in that trial that it should cover or embrace the southern portion of lands within the red lines which had been in issue and determined in 1914, between the defendant here, plaintiff

in that action, and Frank Eady and Dolly Grant, whose title came from the plaintiff in this action.

The defendant, petitioner, in his petition and in open Court, concedes the plaintiff's right to the land embraced in the red lines in the northern portion thereof, containing 51.3 acres, that is to say, all not embraced in the land in issue in the case against Eady and Grant.

If the motion for the writ of dispossession were being heard before me, I would unhesitatingly confine the writ or order to the 51.3 acres in the northern portion of the red lines. But the motion for the order for dispossession was made before Judge Henry, upon due notice, and was heard by and before him on November 21, 1923, and he made an order in this case, directing the sheriff to put Lipman in possession of the entire tract of 100.8 acres. He seems to have been governed by the map on file, without having regard to the issues made by the pleadings and by the case as tried. But I am satisfied that he had jurisdiction, and that, having made an order in the case as to this question, which was, in effect a construction of the original judgment entered herein, I am for that reason without jurisdiction to make any order giving to the defendant the relief which he asked, and which I very much desire to grant, could I do so without the limitation of law, as I understand it.

For this reason, solely because of want of jurisdiction by reason of the order made by Judge Henry, it is therefore ordered that the petition and application herein be, and the same is hereby, refused.

*Mr. John P. Wise* and *D. W. Robinson,* for appellant, cite: *Construction of verdict in an action of tresspass governed by pleadings:* 119 S. C., 315; 24 S. C., 482; 118 S. C., 478; 115 S. E., 851. *Amendment of judgment:* Black on judgments Sec., 123, p. 138; Sec. 157 pp., 178-9; Sec., 163 p. 186; Sec. 63 pp. 83-4; Sec. 73 p. 103; 116 S. C., 11; 24 S. C., 404; 119 S. E., 474; 90 S. C., 561; 112 S. C., 429. *Motion:* 46 S. C., 490. *Parol evidence:*

10 R. C. L., 1059; 26 Am. Dec., 125. *Equitable relief:* 5 Pom. Eq. Jus. Rem. Sec., 2071-74, 2092-3; Vo. 1, Sec. 111, 170; 34 S. C., 458; Code, 1922, Sec., 437; 120 S. E., 378. *Not res adjudicata:* 118 S. C., 478; 116 S. E., 450; 244 U. S., 298; 119 S. E., 573. *Improper action not a bar:* 45 S. C., 285; 63 S. C., 94; 68 S. C., 421; 24 S. C., 482. *Reopening final decree:* 120 S. E., 379.

*Messrs. C. B. Searson* and *W. D. Connor,* for respondent, cite: *Former judge's order correct:* 81 S. E., 157.

July 16, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

There are two appeals in this case, heard together by consent. One is an appeal from an order of Judge Henry, requiring the sheriff to put the plaintiff in possession of certain land. The order of Judge Henry was passed upon due notice to the appellant. The other is an appeal from Judge Johnson's order in the same cause, refusing the petition of the appellant. Judge Johnson's order recites the facts and issues in the case, and will be reported.

Taking all the exceptions in both cases together, we think that the appellant is entitled to the relief for the reason stated and found by Judge Johnson in his order. He found that the appellant was entitled to the relief asked for under the facts of the case, but held that he was without jurisdiction to vacate Judge Henry's order. One Circuit Judge cannot set aside an order of another Circuit Judge; the remedy is by appeal.

The appellant was not required to do anything until the order of Judge Henry of dispossession was issued. There was nothing in the verdict of the pleadings that gave any notice of the use that might be made of it. There was nothing in the judgment entered to call for action. It was only when Judge Henry interpreted the judgment and passed his order that the appellant was required to act, and he acted

promptly, both by way of appeal and by way of motion in the case.

Judge Johnson could not set aside Judge Henry's order, but we can reverse it, and we do so, for the reasons found to be the facts of the case by Judge Johnson in his order.

The order of Judge Henry is reversed.

Judgment reversed.

Messrs. Justices Fraser, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.